UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUKHJIT SINGH MINHAS, *et al.*,

Plaintiffs,

v.

GREGORY W. CHRISTIAN, *et al.*,

Defendants.

Case No. C07-0339RSL

ORDER RENOTING MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion for summary judgment (Dkt. #23) and defendants' cross motion to dismiss (Dkt. #26). Plaintiff, a native of India, seeks an order compelling defendant United States Citizenship and Immigration Services ("USCIS") to immediately adjudicate his pending application to adjust his status to that of a lawful permanent resident. Plaintiff alleges that the delay violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq.* and he seeks a writ of mandamus compelling defendants to adjudicate his application immediately.

## II. DISCUSSION

Plaintiff was granted asylum in February 2000. Plaintiff filed his Form I-485 to

ORDER RENOTING MOTIONS - 1

adjust his status on March 6, 2001. Defendants note that plaintiff's application has not yet been adjudicated because when plaintiff filed his application, asylum-based adjustment applications were subject to an annual cap of 10,000. Although that cap was lifted in 2005, the cap caused a delay. Plaintiff's name check was completed in July 2006. His case has subsequently been delayed because his asylum claim included information that he is or was a member or supporter of an organization that defendants claim may come within the definition of an "undesignated terrorist organization."[1] Therefore, plaintiff was scheduled for an in-person interview, which was conducted on September 25, 2007. On that day, the agency issued a request for evidence to plaintiff and asked that he provide the requested documents by October 24, 2007.

According to USCIS, the agency "anticipate[s] that a decision on the application for adjustment of status will be issued shortly after the response to the request for evidence is received." Second Declaration of F. Gerard Heinauer, (Dkt. #30) at § 4.[2] Based on that representation, the Court assumes that the agency will issue a decision very soon. A decision would render this action moot. Accordingly, the Court orders defendants to file a supplemental reply, updating the Court on the status of plaintiff's application, within 30 days of the date of this order. If the agency has not issued a decision by that date, defendants should include a declaration that explains, with specificity, the reason(s) for the additional delay.

---

[1] Plaintiff was a member of the All India Sikh Student Federation (the "AISSF").

[2] Defendants argue that because it plans to take action soon, and because plaintiff can simply await that decision, this Court lacks jurisdiction. The Court is very skeptical of the merits of that argument, but need not address it now.

ORDER RENOTING MOTIONS - 2

### III. CONCLUSION

Accordingly, the Court DEFERS plaintiff's motion for summary judgment (Dkt. #23) and DEFERS defendants' cross motion to dismiss (Dkt. #26). The Clerk of the Court is directed to renote both motions for December 14, 2007.

DATED this 29th day of October, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge